**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GREGORY D. JONES, Inmate #K75759,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-330-MJR |
| | ) |
| **MR. WALKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action comes before the Court on Plaintiff's supplement to the complaint (Doc. 4), motion for emergency intervention and supplement to that motion (Docs. 10 and 11), motions for leave to amend the complaint (Docs. 13, 14, 15, and 16), motion for order of protection (Doc. 17), motion for temporary injunction (Doc. 18), motion for writ of mandamus (Doc. 19), motion for leave to file a petition for summary judgment and supplement to that motion (Docs. 20 and 21), and a second motion for leave to petition for summary judgment (Doc. 22). Also pending before the Court is a motion to appoint counsel (Doc. 12).

**PROCEDURAL BACKGROUND**

Plaintiff filed an initial complaint in the action on April 27, 2006, in which he presented a straightforward claim of denial of medical treatment for foot problems that were causing him difficulty and pain when walking. On May 4, 2006, Plaintiff filed a supplement to the complaint (Doc. 4) in which he attempted to add claims regarding the denial of institutional grievances, a shoulder injury and subsequent denial of pain medication, and denial of medication for hypertension,

and to add additional information regarding his difficulty walking.

On June 13, 2006, Plaintiff filed a motion for emergency intervention (Doc. 10) in which he describes new claims regarding a false disciplinary report filed against him, denials from the medical staff for participation in the hypertension clinic in retaliation for filing a case in the Illinois Court of Claims, being struck in the face with a snowball thrown by Lt. Westerman (not a defendant), ignored grievances regarding that incident, and fear of further attack by Lt. Westerman. On July 19, 2006, Plaintiff filed a supplement (Doc. 11) to the motion for emergency intervention in which he describes retaliatory acts by Officer Grathler (not a defendant), including refusal to honor a call pass to the Health Care Unit and for Officer Grathler's prior homosexual advances, all in violation of Illinois law.

Between August 8 and September 27, 2006, Plaintiff filed four motions to amend the complaint (Docs. 13, 14, 15, and 16), in which he gives the Court essentially an "update" on what has transpired at Menard since the filing of the last motion. In the first motion to amend (Doc. 13), Plaintiff states that he finally received his hypertension medication and had his feet treated, but brings a new claim regarding his request to be housed in a non-smoking cell. Plaintiff reiterates his concerns about Lt. Westerman. In the second motion to amend (Doc. 14), Plaintiff states that he was being denied follow up treatments for his foot problems by Officer Gardner and Major Maue (not defendants) who refused to escort him to the Health Care Unit when he received call passes for appointments. In the third motion to amend (Doc. 15), Plaintiff describes another incident in which Officer Gardner refused to take him to the Health Care Unit. In the fourth motion to amend (Doc. 16), Plaintiff describes the same incident detailed in the third motion to amend.

On October 2, 2006, Plaintiff filed a "Motion for Order of Protection" (Doc. 17) in which

he seeks that the Court enforce an Illinois statute prohibiting harassment by Lt. Westerman and Officer Gardner. On the same day, Plaintiff also filed a "Motion for Temporary Injunction" (Doc. 18) in which he reiterates the refusal by Officer Gardner and Major Maue (not defendants) to take him to the Health Care Unit and describes a false disciplinary report written against him by Gardner, Maue, and Major Moore (also not a defendant). Plaintiff seeks release from segregation and access to medical treatment.

On October 6, 2006, Plaintiff filed a motion for a writ of mandamus (Doc. 19) in which he describes procedural irregularities in the adjustment committee hearing on the disciplinary report described in his motion for temporary injunction. Plaintiff filed grievances but they were ignored and he assumes that the grievances sent to Illinois Department of Corrections administrators in Springfield were confiscated. Plaintiff seeks release from segregation and the discharge of Officer Gardner.

On October 13, 2006, Plaintiff filed a motion for leave to petition for summary judgment (Doc. 20) reiterating the acts of Officer Gardner, Major Maue, and Major Moore in writing a false disciplinary report against him. Plaintiff also states that in segregation he was celled with a gang member despite his protective custody status, placing his life in jeopardy. He expresses his fears that the food served to him is tampered with. He states that in addition, he is again being denied access to the doctors in the hypertension clinic. Plaintiff again seeks transfer from Menard to another facility and monetary damages against Officer Gardner, Major Maue, and Major Moore. On October 25, 2006, Plaintiff filed a motion for leave to supplement his motion for summary judgment (Doc. 21). He states that he is still being denied access to the Health Care Unit for his foot problems, even though he receives call passes from Dr. Platt. Plaintiff also restates his requested

relief for 1) an order for the resumption of his necessary foot care, 2) an order dismissing Defendant Finnerman and Grubman from their positions because of their deliberate indifference to his medical needs 3) a monetary award of $10,000, 4) an order for medical treatment, 5) an order requiring the Illinois Department of Corrections to pay all court costs in the action, and 6) an order garnering from the personal assets of Major Maue, Major Moore, and Officer Gardner $10,000 for their part in denying him access to medical treatment.

On November 29, 2006, Plaintiff filed a motion for leave to petition for summary judgment (Doc. 22). In this motion, Plaintiff reiterates the actions of Officer Gardner, Major Maue, and Major Moore, and states that after he was released from segregation on October 20, 2006, he had to endure six days in general population before being transferred to protective custody. During this time he was afraid to leave his cell. He states that he was subjected to Officer Henrich's (not a defendant) "homosexual gauging and probing" and other harassment of protective custody offenders. Sgt. McDaniels also denied those in protective custody of one yard period per week. Further, Officer Gardner blew cigarette smoke in his face, even though he has requested placement in a non-smoking cell, just to harass him. Plaintiff states that he seeks the same relief as detailed in Doc. 21, above, but with the addition that Defendant Middendorf be suspended for 30 days.

## LEGAL STANDARDS

Although styled, variously, a motion for emergency intervention, motions to amend the complaint, motion for order of protection, motion for temporary injunction, motion for writ of mandamus, and motions for leave to petition for summary judgment, each of these filings contains new claims and many of them contain new defendants not included in the caption of the original complaint. As such, the Court construes each of these documents as an attempt to amend or

supplement the complaint. None of the documents comply with the Court's Local Rule 15.1, which states that "[t]he original to the proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material in a pleading shall be underlined." Furthermore,

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's complaint and thirteen subsequent documents that include additional statements of claims and defendants do not provide such a short and plain statement of the claims Plaintiff is trying to pursue, as they require the Court and defendants "to forever sift through [their] pages" to determine which allegations are made against each defendant. Proceeding with the instant complaint and assorted supplements also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

Consequently, each of these documents (Docs. 4, 10, 11, 13, 14, 15, 16,17, 18, 19, 20, 21, and 22) is **STRICKEN** from the action for failure to comply with the local rule and with Fed. R. Civ. P. 8. The Court is well aware that

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).  Accordingly, Plaintiff is granted **thirty (30) days** to file one, single amended complaint in compliance with the local and federal rules.  He must file a motion for leave to amend and include with that motion an amended complaint that contains ***all claims against all defendants***.  Plaintiff is **ADVISED**, that even though pro se complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Fed. R. Civ. P. 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint.  *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Plaintiff is **FURTHER ADVISED** that he must state in the complaint specifically how each defendant deprived him of a constitutional right.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiff is also reminded that "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Finally, the Court notes that Plaintiff names a number of additional individuals (specifically, Lt. Westerman, Officer Grathler, Officer Gardner, Major Maue, Major Moore, Officer Henrich, and Sgt. McDaniels) in the various supplements to the complaint, yet none of these individuals are named defendants in the action. Plaintiff is **FURTHER ADVISED** that if he wishes to include an individual as a defendant in the action, he must include that individual's name in the caption of the complaint and he must include as much identifying information as he has regarding that individual in the "Jurisdiction" section of the form complaint. Only individuals specified in the caption of the complaint will be considered defendants in the action. The Clerk is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

### MOTION FOR APPOINTMENT OF COUNSEL

Also pending before the Court is Plaintiff's motion seeking appointment of counsel (Doc. 12). However, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED** without prejudice. Once the Court has received Plaintiff's amended complaint it will complete that preliminary review. Plaintiff may renew his request for counsel at that time.

**IT IS SO ORDERED.**

**DATED this 5th day of December, 2006.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**