IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY D. JONES, Inmate #K75759,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CIVIL NO. 06-330-MJR** |
| **MR. WALKER, ALAN UCHTMAN, DR.** | ) | |
| **FINNERMAN, PAM GRUBMAN, and** | ) | |
| **DEBI MIDDENDORF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the *amended complaint* (Doc. 32) pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the *amended complaint* (Doc. 32) and any supporting exhibits, the Court finds that none of the claims may be

dismissed at this point in the litigation.

At the outset, the Court notes that Plaintiff includes in the caption of the amended complaint (Doc. 32), and later in the section entitled "Jurisdiction" of the amended complaint, only three defendants: Debbi Middendorf, Dr. Finnerman, and Pam Grubman. In the caption of his original complaint, Plaintiff named those three defendants and also Mr. Walker and Alan Uchtman. Based on the amended complaint, the Court believes that Plaintiff wishes to proceed against only Defendants Middendorf, Finnerman, and Grubman. Accordingly, Mr. Walker and Alan Uchtman are **DISMISSED** as defendants from the action.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Middendorf, Grubman, and Finnerman for deliberate indifference to his serious medical needs.
>
> **COUNT 2:** Against Defendants Grubman and Finnerman for unconstitutional retaliation against him for complaining about his treatment.

### FACTUAL ALLEGATIONS

Plaintiff suffers from painful bone callouses on his feet. Left untreated, the callouses cause him great pain and difficulty walking. Upon his arrival at Menard Correctional Center in June 2004, Plaintiff received treatment for the bone callouses. An unnamed physician ordered treatment with a pumice stone once a week for four months. Plaintiff received this treatment for only one week.

In August 2004, Plaintiff filed a grievance requesting the ordered treatment, but the grievances were denied by Case Worker Alms (not a defendant) and Defendant Middendorf, based upon their "misinterpretation" of his medical records. Other grievances were ignored. In June 2005, after exhausting his administrative remedies with the Illinois Department of Corrections, Plaintiff filed a civil action in the Illinois Court of Claims regarding his medical treatment. Plaintiff states that after he filed that complaint, he received inferior treatment or was denied treatment altogether in retaliation for the lawsuit. Plaintiff sent letters to Warden Ucthman (not a defendant) and Defendant Pam Grubman, and he was eventually seen by defendant Finnerman. Dr. Finnerman performed only a "cursory" examination and denied treatment. Plaintiff's pain and ability to walk deteriorated during this period. He states that by October 24, 2005, he was completely unable to walk, and had to be taken to the Health Care Unit in a wheelchair. He still did not receive the treatments, but only a ten-day medical restriction, or "lay in," to his cell. During his ten-day "lay in," he was placed with a smoking cellmate, despite his non-smoking status, and was intentionally denied a meal by Sgt. Best (not a defendant) in retaliation for the lawsuit.

On January 25, 2006, Plaintiff saw Dr. Finnerman, who again denied treatment, and told Plaintiff to use "a piece of asphalt from the recreation yard" to tend to the callouses. Plaintiff saw Dr. Finnerman again on February 21, 2006, for an injured shoulder. Instead of treating the shoulder, however, Defendant Finnerman injured it further by "torquing" it during the examination. Defendant Finnerman also refused to renew a "double cuff" order that had been instituted after a January 2004 shoulder injury, and also refused to prescribe even Tylenol for the shoulder pain. At the same appointment, Defendant Finnerman refused to tell Plaintiff the results of bloodwork that had been drawn for a "hypertension clinic."

Warden Uchtman (not a defendant) and Defendant Grubman did not respond to April 2006 grievances regarding hypertension medications. Plaintiff was issued a call pass for the health care unit on March 24, 2006, but it was cancelled. Plaintiff states that Defendants Grubman and Finnerman have refused to provide him treatment in retaliation for his complaints and the state lawsuit.

### COUNT 1

Plaintiff states that each of the three defendants, Middendorf, Grubman, and Finnerman, denied him medical treatment. Middendorf by denying his grievances, Grubman by not responding to his requests for additional medical care, and Finnerman by providing inadequate treatment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs

of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630,

641 (7th Cir. 1996).

Based on Plaintiff's allegations and these legal standards, Plaintiff has sufficiently stated claims of deliberate indifference against each of the defendants. Accordingly, Plaintiff may proceed on Count 1 of the complaint against Defendants Middendorf, Grubman, and Finnerman.

## COUNT 2

Plaintiff states that Defendants Grubman and Finnerman retaliated against him for filing grievances and a lawsuit in the Illinois Court of Claims, by providing him inadequate medical treatment or refusing to provide treatment altogether.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these legal standards and Plaintiff's factual allegations, Plaintiff may proceed on Count 2 of the amended complaint against Defendants Grubman and Finnerman.

## DISPOSITION

Plaintiff may proceed on Count 1 of the complaint against Defendants Middendorf, Grubman, and Finnerman, and on Count 2 of the complaint against Defendants Grubman and Finnerman.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Middendorf, Grubman, and Finnerman*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Middendorf, Grubman, and Finnerman* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

      requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 18th day of May, 2007.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**