IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GREGORY D. JONES, K75759, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 06-330-MJR-DGW |
| MR. WALKER, *et al*. | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are two motions for sanctions filed by Defendants Adrian Feinerman, M.D. (Docs. 50, 55) and Defendants Debra Middendorf and Pam Grubman (Doc. 52) (collectively, "Defendants"). These matters have been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motions for Sanctions (Docs. 50, 52) be **GRANTED IN PART AND DENIED IN PART** and that the Court adopt the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Plaintiff Gregory D. Jones (Plaintiff), who is proceeding *in forma pauperis* (Doc. 7), filed this action on April 27, 2006, alleging that Defendants violated 42 U.S.C. § 1983, by being deliberately indifferent to his serious medical needs while Plaintiff was incarcerated at Menard Correctional Center (Docs. 1, 32). The Court conducted its threshold review of this action pursuant to 28 U.S.C. §1915A, informed Plaintiff that he could proceed in his claims against Defendants, and referred the matter to the undersigned for pretrial proceedings (Doc. 33). Specifically, the Court allowed Plaintiff to proceed against Defendants Feinerman, Middendorf,

and Grubman for deliberate indifference to his serious medical needs (Count I) (Doc. 33), and against Defendants Feinerman and Grubman for unconstitutional retaliation against him for complaining about his treatment (Count II) (Doc. 33).

In July of 2007, Defendants answered Plaintiff's complaint (Docs. 40, 41). Approximately a year later, Defendants Middendorf and Grubman sent Plaintiff an Amended Notice of Deposition[1], which informed Plaintiff that he would be deposed on July 29, 2008[2] (Doc. 52-2, Ex. B). On July 29, 2008, Plaintiff showed up for the deposition and was sworn in by the court reporter (Doc. 52 at ¶ 5). However, when Defendants' counsel began to ask Plaintiff questions, Plaintiff stated that he would not answer them because he did not have an attorney there to represent him ( Doc. 52, at ¶ 5, Doc. 55, Ex. 2 at 2:7 – 3:9). Just five days earlier, on July 24, 2008, Plaintiff filed a motion seeking an appointment of counsel (Doc. 49).

Defendants' counsel immediately called this Court for a telephone conference. (Doc. 52 at ¶ 6, Doc. 55, Ex. 2 at 3:19 – 4:6). The Court informed Plaintiff that he could not refuse to participate in his deposition simply because he had recently filed a motion for an appointment of counsel. *Id.* The Court further informed Plaintiff that if he failed to participate, he would risk receiving sanctions.

As a result of Plaintiff's refusal to participate, Defendants Middendorf and Grubman have now filed this Motion for Sanctions under Federal Rule of Civil Procedure 37(d), and Defendant Feinerman has moved for sanctions under Federal Rule of Civil Procedure (b) and (d). Defendants Middendorf and Grubman have asked this Court to either (a) strike the allegations in Plaintiff's Complaint that concern the issues of deliberate indifference and retaliation, and, then

---

[1] Defendants initially sought to depose Plaintiff on July 28, 2008, at 10:00 a.m. (Doc. 50-2, Doc. 52, Ex. A). The staff at the Pontiac Correctional Center, however, informed Defendants' counsel that they could not accommodate a deposition on that date and asked them to reschedule the deposition for the next day (Doc. 52, ¶ 3, Doc. 55, ¶ 2). Consequently, Defendants Middendorf and Grubman sent Plaintiff an Amended Notice of Deposition notifying Plaintiff that he would be deposed on July 29, 2008 (Docs. 52, Ex. B, Docs. 55, Ex. 1).

dismiss Plaintiff's Complaint, or (b) bar Plaintiff from testifying at trial regarding those issues. *Id.* at ¶ 8-9. Defendant Feinerman has asked this Court to dismiss the action for failure to prosecute, or in the alternative, refuse to allow Plaintiff to present testimony in opposition to Defendant Feinerman's Motion for Summary Judgment. Defendants also asked the Court to order Plaintiff to pay the reasonable expenses, including attorneys' fees, caused by his failure to attend.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37 (d) (1) (A) (i) permits a "court where the action is pending [to] order sanctions if . . . a party fails . . . after being served with proper notice . . . to appear for the person's deposition . . . ." Fed. R. Civ. P. 37(d) (1) (A) (i). These sanctions include, but are not limited to: "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, (iii) striking pleadings in whole or in part; . . (v) dismissing the action or proceeding in whole or in part; Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37 (b)(2)(A). If a district court decides to impose sanctions on a party, the Seventh Circuit does not "require [the Court] to select the least drastic or most reasonable sanction." *Melendez v. Illinois Bell Telephone Co.,* 79 F.3d 661, 672 (7th Cir. 1996). The selected sanction must, however, be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Id (citing Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992).

## SANCTION OF DISMISSAL

As noted above, all of the Defendants seek an order from this Court dismissing Plaintiff's lawsuit because Plaintiff would not allow them to depose him after he was sworn in by the court reporter (Docs. 50, 55). In *Stevens v. Greyhound Lines, Inc*., 710 F.2d 1224, 1228 (7th Cir. 1983), however, the Court of Appeals for the Seventh Circuit held that the sanction of dismissal

is appropriate under Rule 37(d) only when a party has failed to physically appear for his deposition — not when the party has appeared but refuses to participate.

> "[W]e believe that the term 'appear' as used in Rule 37(d) must be strictly construed, limiting it to the case where a defendant literally fails to show up for a deposition session. Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn and by testifying, the proper procedure is first to obtain an order from the court . . . .

*Steven*s, 710 F.2d at 1228; *see also Gee v. City of Chicago Public Schools*, 2002 WL 1559704, *2-3 (N.D. Ill. Jul. 12, 2002). Although the Court warned Plaintiff that his refusal to participate could lead to sanctions, dismissing Plaintiff's case is still not warranted. *See Vennett v. American Intercontinental University Online*, 2007 WL 4442321 (N.D. Ill. Jul. 12, 2002) (noting that "[a]lthough plaintiffs were warned in advance that their failure to appear could result in sanctions, the sanction of dismissal generally will not be imposed unless the plaintiff repeatedly fails to appear for a deposition or otherwise repeatedly fails to comply with discovery.")

But the Seventh Circuit also stated in *Stevens* that it had "no opinion as to the proper construction of the term 'appear' in cases involving sanctions *less than default judgment or dismissal. Stevens,* 710 F.2d at 1228 n.7 (emphasis added). Accordingly, the Court will not recommend that Plaintiff's case be dismissed but will consider whether alternative sanctions should be imposed.

### SANCTION PROHIBITING PLAINTIFF FROM TESTIFYING AT TRIAL

Rule 37(d) allows district courts the option of "prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . ." Fed. R. Civ. P. 37(d)(3). "The preclusion of certain evidence or testimony generally does not constitute the dismissal of a claim or a default judgment." *Lynchval Systems, Inc. v. Chicago Consulting Actuaries, Inc.*, 1996 WL 735586, *8 (N.D. Ill. Dec. 19, 1996) (citing *Melendez v. Illinois Bell Telephone Co.,* 79 F.3d 661, 671-72) (7th Cir. 1996). "However, a sanction that prevents a party 'from presenting any

evidence whatsoever on a claim' may constitute a de facto dismissal or default judgment on that claim. *Id.*

The Court finds that a sanction that prohibits Plaintiff from offering testimony at trial in support of his claim that Defendants were deliberately indifferent to his serious medical needs (Count I) is appropriate here. When Plaintiff informed Defendants' counsel that he was refusing to testify because he filed a motion for an appointment of counsel, Defendants called the Court. The Court then warned Plaintiff that his pending motion did not justify his refusal to participate in his deposition, and that by doing so, he risked receiving sanctions (Doc. 52, ¶ 6; Doc. 55, Ex. 2 at 3:19 – 4:6). District courts are not required to fire a warning shot before imposing sanctions. *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987); *Serritella v. Markum*, 119 F.3d 506, 512 (7th Cir. 1997). But when a court chooses to do so, a party who ignores the court's warning does so at his own risk. *See Serritella,* 199 F.3d at 512-13 (affirming district court's decision to impose sanctions on a party who ignored Court's warning because "[o]bviously, a censure is not enough . . . .") Consequently, the Court **RECOMMENDS** a sanction that prohibits Plaintiff from offering testimony at trial that supports his deliberate indifference claim against all the Defendants. This recommended sanction does not preclude Plaintiff from offering documentary evidence (e.g. medical records) to support his claim; therefore, this sanction is not a defacto dismissal. *See Melendez*, 79 F.3d at 672. Consequently, this recommended sanction, which addresses only one of Plaintiff's counts (Count I), is proportionate to Plaintiff's actions.

## SANCTION OF REASONABLE EXPENSES

Defendants additionally seek an order requiring Plaintiff to pay them for the "reasonable expenses" caused by Plaintiff's failure to participate in his deposition. Federal Rule of Civil Procedure 37(d)(3) governs this issue. The rule states:

> Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). Rule 37(d)(3) therefore requires the Court to order Plaintiff to pay Defendants' reasonable expenses since the Court is recommending that Plaintiff receive a sanction for failing to participate. *See Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.* 2008 WL 2600167, *1 (S.D. Ind. Jun. 25, 2008) (noting "sanctions sought for reimbursement are not only appropriate, they are virtually mandatory by Rule 37(d)(3).")

There are two exceptions to Rule 37's mandate: Plaintiff's failure to participate in his deposition must be substantially justified, or there must be "other circumstances" that make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Plaintiff's failure to participate was not "substantially justified," especially in light of the fact that the Court told him that his motion for counsel did not excuse him from proceeding with his deposition. The Court finds, however, that awarding Defendants fees under the circumstances presented here would be unjust. "Courts may consider the financial impact of the monetary sanction" when deciding whether there are "other circumstances" that make an award of expenses unjust." 7 Moore's Federal Practice, §37.97[3] (Matthew Bender 3d ed. 2008). Here, Plaintiff is a pro-se inmate who is proceeding *in forma pauperis* (Doc. 7). Although the Court does not condone Plaintiff's actions, a sanction requiring Plaintiff to pay for Defendants' expenses is inappropriate in this case.

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motions are **GRANTED IN PART AND DENIED IN PART.** The Court **RECOMMENDS** Defendants' request for the sanction of dismissal be **DENIED**, Defendants' request for expenses be **DENIED**, Defendant Feinerman's request that Court prohibit the Plaintiff from presenting testimony in opposition to Defendant Feinerman's Motion for Summary Judgment be **DENIED AS MOOT,** and Defendants Middendorf and Grubman's request that the Court prohibit Plaintiff

from testifying concerning retaliation and deliberate indifference be **GRANTED IN PART AND DENIED IN PART.**

Specifically, the Court **RECOMMENDS** a sanction that prohibits Plaintiff from offering testimony at trial that supports his deliberate indifference claim (Count I) against all of the Defendants.[3]

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: January 14, 2009**

                                                    s/ *Donald G. Wilkerson*
                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**

---

[3] Defendant Feinerman requested the same type of sanctions under both Federal Rule of Civil Procedure 37(b) and (d). The Court need not reach the issue of whether sanctions are appropriate under Rule 37(b) since the Court recommended sanctions under Rule 37(d).