IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY JONES,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )
                                        )          Case No. 06-CV-0330-MJR-DGW
PAM GRUBMAN and DEBRA                    )
MIDDENDORF,                             )
                                        )
          Defendants.                   )
                                        )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On April 27, 2006, Plaintiff Gregory Jones ("Plaintiff") filed the pending lawsuit against several defendants for allegedly violating his constitutional rights while Plaintiff was incarcerated at Menard Correctional Center. (Doc. 1.)  Most of the defendants have been dismissed from this case.  The only remaining defendants are Pam Grubman and Debra Middendorf (collectively "Defendants").  Plaintiff claims that defendants Grubman and Middendorf were deliberately indifferent to his serious medical needs, and that defendant Grubman retaliated against him because he complained about his medical treatment. (Doc. 33.)

On July 24, 2007, Defendants filed their answer to Plaintiff's amended complaint and pled Plaintiff's failure to exhaust his administrative remedies as an affirmative defense. (Doc. 4.)  The parties subsequently completed discovery, after which Defendants filed various motions. (*See* Docs. 52, 60, 65, 78.)  Those motions were

unrelated to Defendants' position that Plaintiff failed to exhaust his administrative remedies.

On August 31, 2009, the parties appeared before United States Magistrate Judge Donald Wilkerson for a final pre-trial conference where—for the first time since Defendants filed their answer—Defendants raised the issue of exhaustion with the Court. (*See* Doc. 82.) In light of *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)**,[1] which the Seventh Circuit decided after Plaintiff filed the pending action, Judge Wilkerson postponed the final pretrial conference and set a hearing for September 11, 2009 on whether Plaintiff exhausted his administrative remedies. (Doc. 82.) During the hearing, Judge Wilkerson reserved ruling on the issue of whether Plaintiff had exhausted his administrative remedies. (Doc. 92.) He advised the parties if Plaintiff failed to exhaust, the case would not proceed to trial. (*Id.*) However, it is unnecessary for Judge Wilkerson to enter a report and recommendation regarding this issue because the Court finds that Defendants have waived this affirmative defense.

The Prison Litigation Reform Act forbids the filing of a lawsuit under 42 U.S.C. § 1983 by an inmate with respect to prison conditions "until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a) (2006).** Failure to exhaust administrative remedies is an affirmative defense that must be raised in the pleadings. ***Brengettcy v. Horton,* 423 F.3d 674, 682 (7th Cir. 2005); *Massey v. Helman,* 196 F.3d 727, 734–35 (7th Cir. 1999); *see also* Fed. R. Civ. P. 8(c).** A party who asserts an affirmative defense in a pleading, however, must litigate his case in manner that is consistent with the way he has pled.  "[R]esponsive pleadings . . . do not preserve the

---

[1] Although *Pavey v. Conley* seeks to dispose of issues related to exhaustion before discovery on the merits and long before trial, it appears Judge Wilkerson held a hearing on this issue out of an abundance of caution.

defense in perpetuity. Defendants are required at some point to raise the issue by motion for the court's determination." ***Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985).** Consequently, affirmative defenses may be "waived or forfeited[] on behalf of an appearing party who elects not to *pursue* those defenses for itself." ***e360 Insight v. Spamhaus Project,* 500 F.3d 594, 599 (7th Cir. 2007) (emphasis added).**

A determination of waiver is based on the "particular factual circumstances" in the case. ***See Alexander v. City of Milwaukee*, 474 F.3d 437, 443 n.7 (7th Cir. 2007) (citing *Cygnar v. City of Chi.*, 865 F.2d 827, 843 n.16 (7th Cir. 1989)) (declining to decide whether a party who had raised a qualified immunity defense in its answer had waived the defense by failing to move for summary judgment but explaining that in *Cygnar* it previously decided this question based on case-specific factual circumstances).** This is because parties who plead an affirmative defense in their answer may nevertheless waive it because although they "literally compl[y] [with the Federal Rule], they [do] not comply with the spirit of the rule, which is to expedite and simplify proceedings in the Federal Courts." ***Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296 (7th Cir. 1993) (finding that defendants who participated in lengthy discovery and filed various motions for over two and a half years without actively contesting personal jurisdiction waved that defense); *see Burton,* 106 F.R.D. at 477 (determining affirmative defense pled in answer was nevertheless waived when case had proceed for over three years and defendants failed to raise the issue by motion).** Consequently, an affirmative defense pled in answer does not automatically "prevent a finding of waver" if the parties "did not preserve the point when they had subsequently opportunity to do so." ***Maul v. Constan,* 928 F.2d 784, 786 (7th Cir. 1991) (finding that**

**defendants who had arguably pled the affirmative defense of qualified immunity had waived the defense because "there is no reason the defendants could not have raised [it] earlier in the proceedings").**

The factual circumstances in this case show that a finding that Defendants waived their affirmative defense that Plaintiff failed to exhaust his administrative remedies is appropriate. Although Defendants complied with Federal Rule of Civil Procedure 8(c) by pleading it in their answer, they filed their answer over two years ago and did not mention it again until they came before Judge Wilkerson for what should have been the final pretrial conference. Throughout the last two years, Defendants participated in discovery and filed a number of pretrial motions, yet they chose to remain silent on an issue that could have potentially disposed of the case. Although there were ample opportunities for Defendants to preserve their defense, Defendants failed to do so. Consequently, through their conduct they have waived the affirmative defense of exhaustion.

The Court REMOVES the jury trial in this case from the September 21, 2009 trial docket and RESETS it for November 24, 2009 at 9:00 AM. The Court also REOPENS the deadline to file motions for summary judgment. The motions are due no later than October 16, 2009, with response briefs due by November 13, 2009.

IT IS SO ORDERED.

DATED this 18th day of September, 2009.


s/Michael J. Reagan
Michael J. Reagan
United States District Judge


4