IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY D. JONES,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**DEBBI MIDDENDORF and PAM** )<br>**GRUBMAN,** )<br>)<br>    **Defendants.** | Case No. 06-CV-0330-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On April 27, 2006, inmate Gregory Jones sued several employees and medical service providers of the Menard Correctional Center, a facility of the Illinois Department of Corrections (IDOC), under 42 U.S.C § 1983. In his amended complaint, he narrowed the defendants down to three: Adrian Feinerman, M.D., Debbi Middendorf and Pam Grubman. (Doc. 32.) He alleges that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights while he was incarcerated at Menard. (Am. Compl.; *see also* Resp. to Defs.' Mot. for Summ. J., Doc. 110 at 1 (labeling this claim as Count I).) He also alleges that Grubman and Feinerman retaliated against him in violation of his First Amendment rights when he filed prison grievances at Menard. (Am. Compl.; *see also* Resp. to Defs.' Mot. 1 (labeling this claim as Count II).) The Court granted summary judgment for defendant Feinerman on all claims on August 13, 2009 (Doc. 75), leaving Count I against Grubman and Middendorf and Count II against Grubman .

Both of the defendants have moved for summary judgment, arguing that there are no issues of material fact and that they are entitled to judgment as a matter of law on the remaining claims. (Doc. 100.) Because Jones has failed to demonstrate that the defendants acted with a sufficiently

culpable state of mind or that his protected speech caused Grubman to retaliate against him, the defendants merit judgment as a matter of law.

## Summary Judgment Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559, 563 (7th Cir. 2009) (citing Fed. R. Civ. P. 56(c)); *accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008); *Levy v. Minn. Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008). In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In response to summary judgment, the non-movant cannot rest on the pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in favor of the non-movant. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531–32 (7th Cir. 2009) (citation omitted) (citing *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006)).

Stated another way, to counter a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in his pleadings; more substantial evidence must be presented. A genuine issue of material fact is not shown by the mere existence of "some alleged

2

factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

One additional consideration is that not all issues of fact are material. As the Supreme Court put it:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case *necessarily renders all other facts immaterial.*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added); *accord Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1027, 1036 (7th Cir. 2004) (quoting *Celotex*, 477 U.S. at 323).

### Facts

Viewing the evidence that the parties brought or cited in the light most favorable to the non-moving party (Jones), the Court will assume the following for the purpose of deciding this motion.[1]

Jones was incarcerated at Menard until December 6, 2006, when he was transferred to Pontiac Correctional Center. While at Menard, Jones experienced a host of medical problems. His ailments included foot calluses, hypertension, vascular disease and mental problems. Jones first reported having calluses on both of his feet to Dr. Platt, a physician who practices at Menard

---

[1] Jones disputes much of the defendants' "undisputed material facts" as "mendaciously misleading." However, the Court notes that each of the facts that he challenges are supported by evidence in the record and that he has not provided any evidence on his part to refute them. Because he is the nonmovant, he must do more than raise mere "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

(Doc. 53-2 ¶ 26). Dr. Platt determined that Jones' calluses were recurrent and severe and ensured that they were trimmed on several occasions (*Id.* ¶¶ 48, 56). Dr. Krieg, another physician, also examined Jones' calluses and similarly determined that they needed trimming (*Id.* ¶ 66). At times, due to the severity of the calluses on Jones' feet, Plaintiff had a difficult time walking and was even prescribed the use of a pumice stone (*Id.* ¶¶ 28, 48, 80). The medical records on the day he was prescribed the pumice stone (June 25, 2004) indicate that he was to use the pumice stone "1x/wk x 4 mos."[2] (Am. Compl. Ex. D.)

    Although Jones was prescribed a pumice stone for his calluses, he was not allowed to possess a stone himself. Instead, he went to the Menard Health Care Unit (HCU) to use one kept there. (Am. Compl. Ex. A.) Eventually he was no longer allowed to go to the medical facility to use the pumice stone, so he filed a grievance in the Menard grievance system that was received on October 15, 2004. (*Id.*) Middendorf worked as a grievance officer at Menard at the time Jones filed his grievance, and she was the grievance officer responsible for it. (Mot. for Summ. J. Ex. 1, Middendorf Aff. ¶ 1.) Her duties as a grievance officer were to review inmate grievances and to perform any necessary investigation. (*Id.*) Middendorf proceeded to investigate Jones' grievance. Based on a statement from Jones' case worker, J. Alms,[3] Middendorf deduced that the pumice stone had been prescribed by a physician on June 25, 2004 to last for a one-month period, not a four month period. Middendorf concluded that the prescription had expired by the time the grievance was filed. She accordingly recommended that the grievance be denied, and the Warden of Menard concurred in the denial. (*Id.* ¶ 2; Am. Compl. Ex. B.)

---

[2] Admittedly, the phrase that is purportedly "4 mos" on the medical records is nearly indecipherable. Because Jones is the nonmovant, the Court must view the records in the light most favorable to him, so the indecipherable phrase is "4 mos" for the purposes of this motion.

[3] None of the parties mention Alms' first name. Alms signed Jones' grievance (Doc. 32 Ex. A), and the first name is either James or Jamie or possibly even Jim. The writing is unfortunately unclear.

4

Besides these formal grievances, Jones brought up his medical-care problems to Grubman. He sent her three letters. The first, dated January 9, 2006, alerted her to his chronic foot calluses and inquired as to when his treatment for that condition would resume. (Resp. to Defs.' Mot. Ex. A.) The next two were dated April 7, 2006 and April 14, 2006. (Am. Compl. Ex. L, M.) The April 7 and 14 letters complained about the renewal of hypertension medication and the fact that no staff showed up during his scheduled visits to the HCU. Grubman is a registered nurse who served as HCU Administrator until March 31, 2006, at which point she was promoted to Public Health Coordinator at the IDOC. She never served as Assistant Medical Director at Menard as Jones alleges. Because of her promotion, she did not receive the April letters. Additionally, because she is not a physician, she was never authorized to diagnose medical conditions, prescribe treatment or medication, participate in medical decisions or determine whether a particular treatment is the best available. She also could not modify or supersede the treatment decisions or orders of the medical practitioners that used the HCU.

## Analysis

Jones is unable to show that Grubman or Middendorf recklessly disregarded any serious medical need of his. Jones is also unable to show that his grievances caused Grubman to retaliate against him. Accordingly, both defendants are entitled to judgment as a matter of law on the deliberate indifference and retaliation claims.

<u>Deliberate Indifference</u>

Deliberate indifference is a high standard requiring a plaintiff to prove that a defendant was both (1) aware of facts from which a substantial risk of serious harm could be inferred and (2) actually drew that inference from those facts. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In other words, deliberate indifference requires a "sufficiently culpable state of mind." *Id.* at 834. The

Seventh Circuit emphasizes that "malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006).

*Wolf-Lillie v. Sonquist* stressed that "[s]ection 1983 creates a cause of action based upon personal liability and predicated upon fault." 699 F.2d 864, 869 (7th Cir. 1983). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.*; *see also McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir. 1982). "However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of section 1983 if she acts or fails to act with a deliberate or reckless disregard of a plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Rascon v. Hardiman*, 803 F.2d 269, 273–74 (7th Cir. 1986).

Jones' evidence with respect to Grubman does not meet this high standard. His April letters never reached her, so his evidence consists solely of a letter, not a formal prisoner's grievance, to Grubman on January 9, 2006. He has no evidence that she had a culpable state of mind and deliberately disregarded any medical need of his or that any deprivation occurred with her knowledge and consent. At worst, Grubman's apparent failure to get back with Jones about this informal complaint shows a negligent handling of the matter—not deliberate indifference. *See Johnson*, 433 F.3d at 1012 ("At most, Jones's apparent failure to get back with Johnson about his informal complaint evinces a negligent handling of the complaint and not deliberate indifference." (citing *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002))). Of course, as she was no longer at the facility when he sent the April informal grievances, she cannot be faulted for not responding to those.

Jones' evidence with respect to Middendorf similarly does not meet the standard required to prove deliberate indifference. The evidence shows, at best, that she considered the grievance but

that she did not adequately investigate the medical records, opting instead to rely on the word of Alms. That does not demonstrate a sufficiently culpable state of mind. It just demonstrates, at worst, a negligent investigation, which is insufficient to support a claim. *See Johnson*, 433 F.3d at 1012. Plaintiff's contention that Grubman and Middendorf "deliberately ignored requests and [did] not investigate[] the grievance" is guess, speculation or conjecture.

Because Jones' evidence does not show that Grubman and Middendorf had a sufficiently culpable state of mind, he cannot raise an issue of fact that they were deliberately indifferent to his serious medical needs. They deserve judgment in their favor on the deliberate indifference claim (Count I).

First Amendment Retaliation

Prison officials may not retaliate against inmates for exercising their First Amendment rights. To establish a First Amendment retaliation claim a plaintiff must demonstrate that the plaintiff "engaged in activity protected by the First Amendment" and that the plaintiff "suffered a deprivation that would likely deter First Amendment activity in the future." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff must also establish that the protected activity caused the defendant to retaliate. *See Gunville v. Walker*, 583 F.3d 979, 984 n.1 (7th Cir. 2009) ("Until the Supreme Court's recent decision in *Gross v. FBL Financial Serv*[*ices*]*, Inc.*, plaintiffs could prevail in a First Amendment § 1983 action if they could demonstrate that their speech was a motivating factor in the defendant's decision. After *Gross*, plaintiffs in federal suits must demonstrate but-for causation unless a statute (such as the Civil Rights Act of 1991) provides otherwise." (citation omitted) (citing *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009); *Fairley v. Andrews*, 578 F.3d 518, 525–26 (7th Cir. 2009))). At the summary judgment stage, the plaintiff must come forward with some evidence of causation; "mere speculation" is not sufficient. *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 544 F.3d 752, 757 (7th Cir. 2008).

Jones established that he engaged in First Amendment activity by filing grievances in the prison system. That is not in dispute. The problem with this part of his case is that he has no evidence showing that his grievance filing caused Grubman to inflict any deprivation. Even if the Court were to assume that his problems accessing the HCU were a deprivation that would deter speech in the future, he has no evidence that Grubman knew of his grievances, much less that those grievances caused her to retaliate against him. His speculation that she must have known is not sufficient. *Rockwell*, 544 F.3d at 757.

Because Jones offers no evidence that his grievances caused Grubman to retaliate against him, she deserves summary judgment on his First Amendment retaliation claim (Count II).

## Conclusion

At summary judgment, Jones was unable to come forward with evidence creating a factual dispute on essential components of his case: whether Middendorf and Grubman had a sufficiently culpable state of mind to support a claim of deliberate indifference and whether his prison grievances caused Grubman to retaliate against him. The Court **GRANTS** Middendorf and Grubman's motion for summary judgment (Doc. 100). Because all claims against all defendants have been decided, the Court **DIRECTS** the Clerk of Court to close the case and enter judgment in favor of Adrian Feinerman, Pam Grubman and Debi Middendorf and against Gregory Jones.

**IT IS SO ORDERED.**

**DATED March 31, 2010.**

                                                                      s/ Michael J. Reagan
                                                                      **MICHAEL J. REAGAN**
                                                                      **United States District Judge**